IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.; 09-08785 (BKT) |
|---|---|
| MANUEL R. PRATS VEGA | |
| Debtor | CHAPTER 11 |

**MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION REQUESTING EXTENSION OF THE EXCLUSIVITY PERIOD AND EXTENSION OF TIME IN WHICH TO SUBMIT A DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

**TO THE HONORABLE COURT:**

**COMES NOW,** Manuel Prats Vega, Debtor herein, through the undersigned attorney, and very respectfully **STATES** and **PRAYS**:

1. On February 16, 2010, the Debtor filed a motion requesting the extension of the exclusivity period to file the Disclosure Statement and Plan of Reorganization. (Docket 56)

2. On February 24, 2010, this Honorable Court entered an order denying this request on the grounds that the same was not filed within the period specified in Section 1121 (b) of the Bankruptcy Code. (Docket 70).

3. The Debtor herein requests reconsideration of this order, since the same was timely filed.

4. The bankruptcy petition in this case was filed on October 16, 2009.

5. Section 1121 (b) provides as follows:

    (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

6. The computation of the deadlines to file is governed by Rule 9006 of the Federal Rules of

Bankruptcy procedure. The same states as follows:

Rule 9006. Computing and Extending Time

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period stated in days or a longer unit.* When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(2) *Period stated in hours.* When the period is stated in hours:
(A) begin counting immediately on the occurrence of the event that triggers the period;
(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and
(C) if the period would end on a Saturday, Sunday, or legal holiday, then continue the period until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

(3) *Inaccessibility of clerk's office.* Unless the court orders otherwise, if the clerk's office is inaccessible:
(A) on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or
(B) during the last hour for filing under Rule 9006(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

(4) *"Last day" defined.* Unless a different time is set by a statute, local rule, or order in the case, the last day ends:
(A) for electronic filing, at midnight in the court's time zone; and
(B) for filing by other means, when the clerk's office is scheduled to close.

(5) *"Next day" defined.* The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

> (6) *"Legal holiday" defined.* "Legal holiday" means:
> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
> (B) any day declared a holiday by the President or Congress; and
> (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located. (In this rule, "state" includes the District of Columbia and any United States commonwealth or territory.)

7. In this case if we compute the time provided by Section 1121 (b), the 120 day term expired on February 13, 2010. This date was a Saturday, therefore, pursuant to section (C) if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

8. Monday, February 15, 2010, was a legal holiday as per section (6) above which defines said term as "the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, **Washington's Birthday**, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day"(Our Emphasis"). This is further evidenced by the notice provided by the Court regarding the observed holidays for the year 2010. The same lists February 15, 2010 as President's Day/ Washington's Birthday. **Exhibit 1.**

9. Therefore, the day in which the 120 day period provided by Section 1121 (b) of the Bankruptcy Code expired on February 16, 2010, the date in which the motion was filed. Debtor's motion was timely filed.

10. Rule 9006 (b)(1) of the Federal Rules of Bankruptcy Procedures provides for the enlargement of time by the Court. The same provides that the court at its discretion may enlarge the time for cause show on a motion filed before the expiration of the period.

11. Debtor's request was made before the expiration of the period provided by Section 1121 (b), therefore this Honorable Court can enlarge such period.

12. Section 1121(d) of the Bankruptcy Code also provides the Court with the authority to extend the exclusivity period contained in Section 1121 (b). The statutory requirement of this section of the Code **is that the request be made within the 120 day period, not that it be granted.** In re: Nicolet, Inc., 80 BR 733 ( E.D. Pa. 1987)[1]

13. Notwithstanding the above stated, in this case the Debtor had filed a request to extend all deadlines in the case for a term of thirty (30) days on December 17, 2009. (Docket 33. The same was granted on December 23, 2009. (Docket 35).

14. For the above stated reasons, the Debtor very respectfully requests that this Honorable Court reconsider its order denying the request for the extension of the exclusivity period.

**WHEREFORE**, the Debtor respectfully requests this Court to that it reconsider its order denying the request for the extension of the exclusivity period to submit a Disclosure Statement and Plan of Reorganization until Ma 7, 2010 and the time in which it has to solicit approval and secure acceptance of a Plan of Reorganization be similarly extended by sixty (60) days following the entry of an Order approving the Disclosure Statement becomes a final order, while reserving Debtor's right to seek further extensions of time, if necessary, for cause.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of February, 2010.

---

[1] This should not be confused with the extension of the time limit for the extension of the 45 day term for a small business to confirm a plan, which requires that the order granting said extension be entered before the term expires. 11 USC 1121 (e).

# NOTICE TO CREDITORS AND PARTIES IN INTEREST

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below:

CHARLES ALFRED CUPRILL cacuprill@aol.com,

ccuprill@cuprill.com;hgonzalez@cuprill.com;marguelles@cuprill.com;luis@cpacarrasquillo.com

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

ALBERTO O LOZADA COLON alberto3@coqui.net

JESUS R RABELL MENDEZ jrabellcsp@prtc.net

SERGIO A. RAMIREZ DE ARELLANO sramirez@sarlaw.com

STATE INSURANCE FUND CORPORATION Alejandro.Suarez@cfse.gov.pr

ALEJANDRO A SUAREZ CABRERA Alejandro.Suarez@cfse.gov.pr,

aasuarezcabrera@yahoo.com

**I FURTHER CERTIFY** that copy of this motion has been sent by first class mail to all creditors and parties in interest as per the Master Address List.

C. CONDE & ASSOC.
S/ Luisa S. Valle Castro
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@microjuris.com

**2010 Holidays Observed by the Court**

| 1. January | 1 | New Year's Day - All Day |
| | 5 | Administrative - At Noon |
| | 6 | Epiphany (Three Kings Day) - All Day |
| | 18 | Martin Luther King, Jr. Birthday - All Day |
| February | 15 | President's Day/ Washington's Birthday - All Day |
| April | 1 | Holy Thursday - At Noon |
| | 2 | Good Friday - All Day |
| May | 31 | Memorial Day - All Day |
| July | 5 | Independence Day (observed) - All Day |
| September | 6 | Labor Day - All Day |
| October | 11 | Columbus Day - All Day |
| November | 11 | Veteran's Day - All Day |
| | 19 | Discovery of Puerto Rico - All Day |
| | 25 | Thanksgiving Day - All Day |
| | 26 | Day after Thanksgiving - All Day |
| December | 24 | Christmas Day (Observed) - All Day |
| | 31 | New Year's Day (January 1, 2011 Observed) - All Day |

In addition to the federal holidays, the Court observes other local holidays, as so ordered by the Court. This list, although accurate, is subject to change.