**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

MANUEL R PRATS  VEGA

**CASE NO. 09-08785 BKT**

CHAPTER 11

**FILED & ENTERED ON 08/17/2010**

**Debtor(s)**

**OPINION AND ORDER**

I.        **PROCEDURAL BACKGROUND:**

Before the Court is the discovery dispute between Mr. Manuel R. Prats ("Debtor") and  Ms. Branda Cruz ("Ms. Cruz").  On October 16, 2009, Debtor filed the captioned Chapter 11 proceeding. On December 4, 2009, Ms. Cruz filed an unsecured claim for $3.5 million, claiming a share of Debtor's assets. [Claim 3-1]. At the status conference held on February 5, 2010, Debtor stated that one of the reasons for filing for bankruptcy relief was the expenses created by the litigation between Debtor and Ms. Cruz in the courts of the Commonwealth of Puerto Rico, related to community property division and alimony. The Court set the deadline to file the Disclosure Statement and Plan for May 7, 2010 [Dkt. No. 53]. A hearing on the Disclosure Statement was set for June 29, 2010. Debtor timely filed his Disclosure Statement and on June 10, 2010, Ms. Cruz filed an objection to the same [Dkt. No. 140].

On June 16, 2010, Debtor objected Claim 3 filed by Ms. Cruz [Dkt. No. 148]. Shortly thereafter, Ms. Cruz filed three informative motions regarding discovery in support of her objection to the Disclosure Statement [Dkt. No. 150, 151 and 152]. At the hearing held on June 29, 2010, Ms. Cruz objected to being classified as an "insider" by Debtor in the Disclosure Statement and reiterated her discovery requests. Debtor proffered his intent to oppose discovery via a protective order against Ms. Cruz. The hearing was continued *sine die* [Dkt. No. 165]. The following day, Debtor filed a

1

motion to quash the discovery requests made by Ms. Cruz and requested a protective order against her [Dkt. No. 160]. An urgent motion was filed by the Debtor reinstating his request for a protective order; shortly thereafter Ms. Cruz responded [Dkt. No. 169, 172 and 173]. Ms. Cruz also responded to Debtor's objection to claim on July 16, 2010 [Dkt. No. 170]. The Court stayed all discovery proceedings on July 29, 2010 [Dkt. No. 174].

This court has jurisdiction over the subject matter and the parties pursuant to the 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

**II. LEGAL DISCUSSION AND CONCLUSION:**

Fed.R.Civ.P. 26 is applicable to this proceeding through Bankruptcy Rule 7026. Fed.R.Civ.P. 26(b)(1) defines the scope and limits of discovery as follows:

> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In this case, Debtor requests a protective order against Ms. Cruz because the information requested was already produced previously and during other proceedings, the request has already been denied and because the information is on "the outer edge of relevance."

In assessing whether to issue a protective order, courts generally balance the harm to defendant against the relevance of and the necessity for the information. See, 8 C. Wright & A. Miller, Federal [**6] Practice and Procedure § 2043 (1970). Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 (D. Mass. 1991) Relevance encompasses more than admissability at trial. For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation. Microwave Research Corp. v. Sanders Associates, 110 F.R.D. 669, 672 (D.Mass. 1986) (quoting 4 J. Moore, Federal Practice, § 26.56(1) (1976)). In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978), the Supreme Court identified the key phrase in Rule 26 as "relevant to the subject matter involved in the pending action" and noted the broad construction of the language "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Id.

at 351. Consistent with this liberal approach is the distinction in the rule between relevancy for discovery purposes and relevancy for admissibility at trial purposes. The standard is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." It has been argued that relevancy should not be measured solely by the pleadings, but by general relevance to the subject matter of the action. J. Moore, J. Lucas and G. Grotheer, Moore's Federal Practice para. 26.56(1) (2d ed. 1984).

It is undisputed that the case at hand is directly related to the division of the community property that developed between the Debtor and Ms. Cruz during the years when they sustained a consensual relationship. The filing of Ms. Cruz' $3.5 million claim, Debtor's treatment of Ms. Cruz as an "insider" and the state court cause of action for division of community property between the parties, warrant preventive measures by the Court as the bankruptcy estate's reorganization might be impossible without full consideration of Ms. Cruz' rights over the same. The complexity of the case is rightfully summarized by Debtor in his memorandum:

> "1. The community created between the Debtor and Ms. Cruz has not been liquidated. 2. The majority of the debts of the Debtor relate to the time when he had a relationship with Ms. Cruz and Ms. Cruz is a guarantor of these debts. 3. Ms. Cruz is claiming an interest in the assets of the estate and the claim she has filed is for the alleged interest in the assets of the community. Therefore, there is not a regular creditor-debtor relationship between these two parties." [Dkt. No. 161]

Discovery in this proceeding has to be overly broad. There are two substantial contested matters in this case: one relates to the allowance of the $3.4 million claim and the other is related to the definition of this creditor and her relationship with the bankruptcy estate. Assume for the sake of argument that Ms. Cruz' interest in the bankruptcy estate is that of an insider1. An insider is defined as:

> **insider. 1.** A person who has knowledge of facts not available to the general public. **2.** One who takes part in the control of a corporation, such as an officer or director, or one who owns 10% or more of the corporation's stock. **3.** *Bankruptcy.* An entity or person who is so closely related to a debtor that any deal between them will not be considered an arm's-length transaction and will be subject to close scrutiny. Black's Law Dictionary (8th ed. 2004)

In his motion for protective order, Debtor included a chart with the specific objections to the requests for production of documents. Having examined the objections raised, the Court hereby determines that discovery shall discontinue as to those requests that are marked as previously produced [Exh. 2, Dkt. No. 160]. However, in regards to

---

1 The Court has yet to rule on Debtor's Disclosure Statement; including the objection to the Disclosure Statement and the Memorandum of Law in support of treatment as an insider [Dkt. No. 114, 140 & 160]

3

the production of documents that have been already denied, the Court concludes that even though the discovery requests have been disallowed at the state court level, they will be allowed for the purpose of this bankruptcy proceeding.

Furthermore, Debtor does not have standing to seek a protective order asserting the rights of third parties to protect their privileged, proprietary or confidential information. The affected third parties must intervene directly to seek a protective order to protect that information. J. Moore, J. Lucas and G. Grotheer, Moore's Federal Practice ¶ 26.101 (2d ed. 1984). Therefore, these discovery requests to third parties will be allowed.

The Court hereby orders both parties to confer pursuant Fed.R.Civ.P. 26, to prepare a discovery plan consistent with this Court's findings and conclusions included herein and to file a joint discovery plan within 21 days. Counsels are expected to continue discovery with respect and professionalism. The Court will not tolerate additional discovery disputes. Sanctions will be imposed on the non cooperative party, or on the moving party if the motion is unnecessary or did not comply with PR LBR 7037-1 (b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of August, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

4